UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARANKA R. BALL,

    Plaintiff,

v.                                                           CASE No. 8:05-CV-2122-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

    Defendant.
_____

O R D E R

    The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

I.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted, therefore, for Jo Anne B. Barnhart as the defendant in this suit.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

The plaintiff, who was thirty-eight years old at the time of the administrative hearing and who has a tenth grade education (Tr. 428), has worked at a number of jobs, primarily as a cook and a construction worker (Tr. 80, 88, 129-30). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to extreme back pain (Tr. 158). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. At the outset of the hearing, the plaintiff, through counsel, changed the alleged disability onset date from November 2000 to August 12, 2004 (Tr. 426-27). The law judge found that the plaintiff has severe impairments of lumbar degenerative disc disease with disc bulging and lumbar facet hypertrophy at L3-4 and L4-5 (Tr. 18). He concluded that, with these impairments, the plaintiff was limited to a full range of sedentary work (Tr. 19). He determined that this limitation prevented the plaintiff from returning to past work (id.). However, the law judge decided that the medical-vocational guidelines directed a finding that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant (Tr. 3-5).

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

      B. The administrative law judge decided the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. See 20 C.F.R. 404.1501 et seq. Those regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569. If

an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

### III.

The plaintiff challenges the law judge's decision on three grounds. First, he alleges that the law judge erroneously disregarded the opinion of the plaintiff's treating physician (Doc. 17, pp. 10-12). Next, the plaintiff argues that the law judge failed to consider the combined effect of all the plaintiff's impairments (id., pp. 12-15). The plaintiff's third argument is that the law judge should have used a vocational expert instead of the grids to determine if there was work the plaintiff could do (id., pp. 15-16). Notably, the plaintiff does not challenge the law judge's determination "that the claimant's complaints of pain and incapacitation are not credible when viewed in light of the medical findings and the claimant's own testimony" (Tr. 17). The arguments that the plaintiff does raise do not provide a basis to reverse the Commissioner's decision.

The plaintiff contends first that the law judge erred in rejecting the opinion of the plaintiff's treating physician, Dr. Rocky Eibert. Dr. Eibert, a specialist in internal medicine, began treating the plaintiff in August 2004. In a Treating Physician Questionnaire completed on February 3, 2005, Dr. Eibert opined that, due to chronic pain, the plaintiff could not sit longer than thirty minutes at a time, could not stand or walk more than ten minutes at a time, was not able to lift more than five pounds frequently, needed to lie down

twenty minutes every two hours of the day, and had difficulty with concentration and persistence due to pain (Tr. 387-90).

The plaintiff correctly points out that opinions from treating physicians should be given substantial or considerable weight unless there is good cause for not doing so. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Here the law judge gave the following explanation for his rejection of Dr. Eibert's opinion (Tr. 15-16):

> With respect to the statement in evidence from Dr. [Eibert], a treating physician of the claimant, the Administrative Law Judge notes that "substantial weight" or "considerable weight" must be given to the opinion, diagnosis and medical evidence of this individual unless there is good cause not to do so. Walden v. Schweicker, 672 F.2d 835, 840 (11th Cir. 1982). It has been longstanding policy, as currently evidenced by sections 404.1527 of Regulations No. 4 and 416.927 of Regulations No. 16, that medical opinions are entitled to persuasive weight only insofar as they are supported by clinical or laboratory findings or other medically acceptable evidence. Treatment notes, recent diagnostic testing and the consultative evaluation by Dr. [Michael J.] Simpson failed to support the presence of disabling impairments or significant functional limitations. Furthermore, the claimant did not seek any medical treatment from March 2002 until establishing with Dr. [Eibert] in August 2004, almost 2 and ½ years later. The Administrative Law Judge is rejecting the opinion of this

>physician, despite his treating physician relationship, as the weight of the evidence supports a contrary conclusion. Oldham v. Schweiker, 660 F.2d 1078 (5th Cir. 1981); SSR 82-48c, Cumulative Edition 1982, at 92-101.

The law judge stated further that, upon the plaintiff's initial examination by Dr. Eibert in August 2004, the plaintiff was obese, "but the remainder of the exam was unremarkable with the exception of some tenderness and reduced range of motion" (Tr. 15). He added that "[l]aboratory studies were unremarkable for any significant abnormalities" (id.). Moreover, the law judge pointed out that a lumbar MRI taken in September 2004 was unremarkable except for showing only mild facet joint hypertrophy at L4-5 and L5-S1 with some disc protrusion and mild narrowing of the right neural foramen (id.). In addition, the law judge, in discounting the plaintiff's allegation of disability, considered the plaintiff's daily activities, which included driving and picking up his daughter from school, preparing meals, shopping with his daughter, drawing, and fishing a couple of times a week (id. at p. 16), and those activities, as the Commissioner argues, are similarly not consistent with Dr. Eibert's opinion. Having set forth these factors, the law judge stated good cause to reject Dr. Eibert's opinion.

The plaintiff on this point does not meaningfully challenge the circumstances identified by the law judge as the basis for rejecting Dr. Eibert's opinion. Rather, his argument is that, in light of the change of the alleged onset date to coincide with the commencement of Dr. Eibert's

treatment, there is no other evidence in the record which is contrary to Dr. Eibert's opinion and, thus, his opinion must be accepted. This argument, while clever, is fallacious. Certainly, it is not the case that a plaintiff can show up at the administrative hearing with a current statement from a treating physician that he is disabled, change the alleged disability onset date to the date of the hearing, and then claim that the opinion must be accepted (regardless of how conclusory or unsupported it is) because there is no contrary medical evidence.

In any event, there is evidence in the record that the law judge found to be contrary to Dr. Eibert's opinion. Thus, as indicated, the law judge considered Dr. Eibert's opinion to be contradicted by the notes of that doctor's initial examination, by laboratory studies and by the MRI of September 2004. The opinion was also inconsistent with the plaintiff's daily activities. Consequently, the law judge was not somehow obligated to accept the opinion simply because it was the last piece of medical evidence that was submitted.

The plaintiff contends, next, that the law judge did not adequately consider all of the plaintiff's impairments in determining his residual functional capacity. Specifically, the plaintiff argues that the law judge should have given more consideration to the plaintiff's pulmonary impairment and obesity in determining his residual functional capacity (Doc. 17, pp. 13-15).[3]

---

[3] Notably, the law judge evaluated the plaintiff's alleged mental impairment and found it nonsevere (Tr. 16). The plaintiff has not challenged that determination.

The only mention of a pulmonary problem is in Dr. Eibert's records, which reflect that the plaintiff, who smokes ten to fifteen cigarettes a day, has moderate chest restriction (Tr. 388). The plaintiff argues that this was not considered by the law judge and at the least might have required the plaintiff to avoid dust, fumes, and industrial pollutants (Doc. 17, pp. 15-16). This argument is not well-taken.

In his application for benefits, the plaintiff did not allege a pulmonary condition as a basis for disability (Tr. 158). Further, at the hearing, the plaintiff did not testify to any pulmonary or other breathing impairment (see Tr. 431). Under these circumstances, the law judge cannot be faulted for not evaluating a pulmonary impairment. The law judge is under no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability. Street v. Barnhart, 2005 WL 1164202 *6 (11th Cir. 2005) (unpub. dec.) (citing Pena v. Chater, 76 F.3d 906, 909 (8th Cir. 1996)).

Moreover, neither Dr. Eibert nor any other doctor has indicated that the plaintiff has functional limitations as a result of a pulmonary condition. Notably, Dr. Eibert's records note "no SOB" (Tr. 391, 394, 399, 407), which I take to mean "no shortness of breath." Furthermore, plaintiff's counsel's assertion that the plaintiff needs to avoid dust, fumes and industrial pollutants is contradicted by the fact that the plaintiff smokes ten to fifteen cigarettes a day (Tr. 388).

The plaintiff's contention...

The plaintiff's contention regarding obesity is meritless for essentially the same reasons. Thus, the plaintiff did not assert in his application an impairment due to obesity and did not testify to such an impairment at the hearing. Consequently, the law judge was not obligated to investigate such an impairment. Street v. Barnhart, supra.

Nevertheless, the law judge was aware of that condition since he noted it in his decision (Tr. 15). However, no doctor, including Dr. Eibert, has stated that the plaintiff has functional limitations due to obesity. Notably, in Dr. Eibert's statement, the plaintiff was reported to be 5' 9½" tall and weigh 276 pounds (Tr. 387). This does not seem to constitute severe obesity. Accordingly, any functional limitation from obesity would appear to be covered by the law judge's restriction to sedentary work. Significantly, plaintiff's counsel does not suggest any additional functional limitation that the plaintiff would encounter due to obesity.

For these reasons, the law judge did not err in failing to evaluate the unalleged, and untestified to, impairments of a pulmonary condition and obesity. Furthermore, even if the law judge did err in that respect, the error would be harmless, since there is no evidence that the plaintiff suffered any functional limitations from such impairments.

This conclusion, moreover, renders meritless the plaintiff's final contention that the law judge, in determining that work exists in the national economy that the plaintiff could perform, should not have relied upon the grids, but should have employed a vocational expert. The law judge's finding

that the plaintiff could perform a full range of sedentary work authorized the law judge to use the grids. Phillips v. Barnhart, supra, 357 F.3d at 1242-43. Since the law judge reasonably rejected Dr. Eibert's opinions regarding the plaintiff's restrictions, and there were no additional functional limitations from impairments of a pulmonary condition or obesity, the law judge was entitled to rely on the grids.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and does not contain reversible error. Therefore, the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 23rd day of February, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE